# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the

Superior Court of California
County of
Alameda County

**ENDORSED FILED**
ALAMEDA COUNTY
FEB 1 0 2020
CLERK OF THE SUPERIOR COURT
By D. CLEMONS Deputy

Najee Thompson, Nyier Thompson

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Hayward Unified School District

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. HG20053969
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☐ Yes   No


RECEIVED FEB 1 9 2020 By

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(NonPrisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.    The Parties to This Complaint

   **A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Najee Thompson | | |
| Address | 260 Sunset blvd #6 | | |
| | Hayward | CA | 94541 |
| | *City* | *State* | *Zip Code* |
| County | Alameda County | | |
| Telephone Number | 5107123338 | | |
| E-Mail Address | naj4change@gmail.com | | |

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | Matthew Clark | | |
| Job or Title *(if known)* | Principal | | |
| Address | 456 Laurel Ave | | |
| | Hayward | CA | 94541 |
| | *City* | *State* | *Zip Code* |
| County | Alameda | | |
| Telephone Number | (510) 723-3810 | | |
| E-Mail Address *(if known)* | mclark@husd.k12.ca.us | | |

Individual capacity      Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | Hoang ThuVan | | |
| Job or Title *(if known)* | Teacher, 2nd Grade | | |
| Address | 456 Laurel Ave | | |
| | Hayward | CA | 94541 |
| | *City* | *State* | *Zip Code* |
| County | Alameda | | |
| Telephone Number | (510) 723-3810 | | |
| E-Mail Address *(if known)* | thoang@husd.k12.ca.us | | |

Individual capacity      Official capacity

Defendant No. 3

| | | | |
|---|---|---|---|
| Name | Ms. Shields | | |
| Job or Title *(if known)* | Cafeteria Server | | |
| Address | 456 Laurel Ave | | |
| | Hayward | CA | 94541 |
| | *City* | *State* | *Zip Code* |

| | | | |
|---|---|---|---|
| County | Alemeda | | |
| Telephone Number | (510) 723-3810 | | |
| E-Mail Address *(if known)* | | | |

Individual capacity     Official capacity

Defendant No. 4
Name: Hayward Unified School District
Job or Title *(if known)*:
Address: 24411 Amador St.

| Hayward | CA | 94544 |
|---|---|---|
| *City* | *State* | *Zip Code* |

County: Alameda
Telephone Number: (510)784-2600
E-Mail Address *(if known)*:

Individual capacity     Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

  Federal officials (a *Bivens* claim)

  ✷ State or local officials (a § 1983 claim)✷

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?



Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The school district is considered a part of the local government. Therefore anyone who works for the school district is considered an employee of a local government. Public schools are funded by local taxes and are run by elected officials.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

At Cherryland Elementary

B. What date and approximate time did the events giving rise to your claim(s) occur?

1st incident October 7th around 11:30, 2nd incident October 23rd around 11:30

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I Najee Thompson spoke with The principle Mr. Clark about my daughters dietary restrictions after she told me she was fed ham and cheese on October 7th. I told Mr. Clark that we follow the laws of God and even gave him bible scriptures. He promised me he would make sure that staff would know about her restrictions. 2 weeks later she was fed pepperoni pizza and when she tried to advocate for herself she was ignored and told by Ms. Shields, "you get what you get" my daughter then went to her teacher Ms. Thuvan for help and was told," Just pick it off".

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical

treatment, if any, you required and did or did not receive.

My Daughter just had a minor stomach ache and diarrhea for about 2 days after each incident.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I am asking that the court grant me and my family 500,000 Dollars for Violation of 1st amendment right, for negligence, for violation of 14th amendment right of equal protection clause, mental anguish, and for all financial costs from filing fee's to reimbursements for my daughters lunch that i pay for weekly every week.

The school violated my Daughter Nyier Thompson's freedom of religion, by ignoring her claims that she cannot eat pork and feeding it to her, also by not even having a second non-pork choice to eat at all.

Negligence on Mr Clark's behalf for not notifying the cafeteria staff and her teacher Ms. Thuvan about Nyier's dietary restrictions as promised.

Violation of 14th amendment right of equal protection Clause because Cherryland respects and protects other dietary restrictions as far as soy based peanut butter but cannot and did not equally protect my daughters dietary restrictions, not even by having a pork free choice.

Mental Anguish for myself my wife and Daughter, its been a real stressful situation for me and my wife causing anxiety to say the least. My daughter was mentally and spiritually stressed to say the least afraid that God was going to punish her for eating the Pork

Financial reimbursement because my daughter is afraid to eat lunch at school. So now, on a fixed income have to buy separate groceries by the week to make sure our daughter does not starve at school. (We do not get government assistance.)

In result i am asking the court to grant me and my family compensation from Hayward unified school district a total of $500,000

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the

**A.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     2-10-20

Signature of Plaintiff     *[signature]*
Printed Name of Plaintiff     NAJEE THOMPSON

**B.     For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

                                                City            State       Zip Code
Telephone Number
E-mail Address

# CLAIM FOR DAMAGES

**NAME OF SCHOOL DISTRICT INVOLVED:** Hayward Unified

**NAME OF CLAIMANT:** Mr. / Ms. / MRS.
(Injured or damaged party)
Thompson (Last)   Nyier (First)   H. (Middle)

**HOME ADDRESS/PHONE:** 260 Sunset Blvd #6 (Number/Street)   Hayward, CA 94541 (City/State/Zip Code)   (510) 712-3338 (Phone Number)

**BUSINESS ADDRESS/PHONE:** (Number/Street)   (City/State/Zip Code)   (Phone Number)

**NAME OF CLAIMANT'S PARENT/GUARDIAN:** Thompson (Last)   Najee (First)   E. (Middle)

**WHEN DID INJURY, DAMAGE OR LOSS OCCUR?** 10/23/2019 (Month/Day/Year)   Wednesday (Day of Week)   12:00 P.M. (Time of Day)

**WHERE DID INJURY, DAMAGE OR LOSS OCCUR?** (School, street address, intersecting streets, or other location)
Cafeteria, Cherryland Elementary School, 456 Laurel Ave. Hayward, CA 94541

**HOW DID INJURY, DAMAGE OR LOSS OCCUR:** (Describe accident or occurrence in complete detail)
See attached documents

**NAMES OF ANY WITNESSES?** Latrenda Leslie

**POLICE/CHP/SHERIFF REPORT NUMBER** _____

**NAMES OF DISTRICT EMPLOYEE(S) Who Caused Injury, Damage or Loss and Description of How Caused.**
Matthew Clark, Cafeteria Staff, Ms. ThuVan

**WHAT INJURIES, DAMAGES or LOSSES DID YOU SUFFER?** violation of first ammendment right, discrimination,

**INSTRUCTIONS:** Attach and include with this completed form any bills for medical treatment or expenses and estimate of damage for personal property damage.

Total amount claimed if less than $10,000; otherwise indicate whether claim would be a Limited Civil Case.

$ 1,000,000

**INSTRUCTIONS:** Sign and date this Claim for Damages below. If the signer is not the claimant indicate the relationship of the signer to the claimant (parent, guardian, attorney, etc.)

(Signature)   12/16/2019 (Month/Day/Year)

Father
(Relationship of signer, if not claimant)   (510) 712-3338 (Phone Number)

**ADDRESS** (of the person to whom notices are sent, if not the claimant)

NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY.

Please submit from to:
Hayward Unified School District
Risk Management Department
P.O. Box 5000

Date: 12/16/2019

To:  Hayward Unified School District
     Risk Management Department
     P.O. Box 5000
     Hayward, CA 94544

From: The Parent's of Nyier Thompson, Najee Thompson and Latrenda Leslie
      260 Sunset Blvd 6
      Hayward, CA 94541

    We the parents of Nyier Thompson, are requesting 1 million dollars for discrimination, negligience and violation of first amendment right for ourselves and our daughter. Also further discrimination and neglect on the school districts behalf for not following HUSD guidelines and protocols after we filed a uniform complaint. We were not contacted within the 30 day timeline as stated on the school district's website. After being informed by my daughter, that she was being fed pork at Cherryland Elementary. I Najee Thompson took preventative measures to make sure Cherryland Staff was aware that we follow the laws of God. I spoke with Matthew Clark, Principal of Cherryland Elementary. I was brushed off and given a phone number to the school's food services line. I called the line and left a message. I never received a response from a staff member. I spoke to my daughter and told her to tell school staff that she does not eat pork.

    On October 23rd, my daughter was given pepperoni pizza at lunch, she told the lunch staff that she cannot eat pork, the lunch lady responded and told my daughter," You get what is given to you." In another effort to avoid the pork my daughter told her teacher Ms. ThuVan. She told Nyier to pick the pepperoni off of the pizza. The bible states, in leviticus chapter 11 verse 7-8 "And the pig, though it has a split hoof and it be completely divided, it does not chew the cud, therefore it is unclean to you. You MUST NOT eat their meat or touch their carcasses it is UNCLEAN to you". In this law, God explains that swine is unclean and we shall not touch it, nor consume it. Within 5 minutes my daughters first amendment right, was violated. She was discriminated against by her race, forced to sin against God by eating and touching the unclean food.

    My daughter was neglected by the Cherryland staff. She was ignored when advocating for herself, in regards to not eating pork. It was also negligence by the school staff for not enforcing what me and Mr. clark had already discussed previously about my child not eating pork. If my daughter had a turban/hijab on her head or claimed she was Jew-ish, the staff and teachers would have handled this differently. But since my daughter is a so called African American she was treated like a slave and told,"You get what is given to you." After being fed the leftover scraps of the pig intestines and pig feet.

In the beginning of October my daughter informed me that she had been given ham at Cherryland Elementary. After receiving this information, I immediately went to the office and spoke to Principal, Matthew Clark and office clerk in regards to my daughter's dietary restrictions. I was also given a number to an offsite center, where I left a message regarding my daughter's diet. I did not receive a call back from the center.

On Wednesday, October 23rd, my daughter informed me that the cafeteria staff gave her pepperoni pizza. My daughter advocated for herself and informed the cafeteria staff that she could not have pork. The staff responded, "You get what is given to you". My daughter then seeking help, told her teacher, Mrs. Thu Van. Mrs. Thu Van then encouraged my daughter to" Just take the pepperoni off, of the pizza". My daughter was depressed and sad the whole weekend. Her first amendment right to freedom of religion was violated and ignored possible because of her skin color. My daughter also experienced stomach aches and diarrhea. She did not go to school on Thursday October 24th and Friday, October 25th.

When my daughter came home crying and it was brought to my awareness that her first amendment right was violated, I called Cherryland Elementary and explained what had transpired. I received voicemails from Mr. Clark on Thursday, October 24th at 3:30pm and Friday, October 25th at 9:52am. Upon my daughter's return to school on Monday, October 28th, I spoke with Mr. Clark in person. Mr. Clark apologized several times for the staff's negligence as well, as his own. Mr. Clark also confirmed that Mrs. Thu Van encouraged Nyier to" Just take off the pepperoni." Mr. Clark confirmed as well, that the cafeteria staff told Nyier "You get what is given to you".

I spoke to legal counsel and was told that I have to file a formal complaint. On October 28th, at 9:55 am, I arrived in the Hayward Unified District's office. I spoke with the front desk clerk and was given a complaint form. I left my name, my daughter's name, her school and a number I could be reached, with the clerk. The clerk informed me that she would relay my message and contact information to Hector Garcia, who oversees the Hayward Elementary schools. Hector Garcia was unavaliable until 1:00pm.

Conclusion: My daughter is afraid to eat anything at school, in fear that her God will punish her. In result, she has asked that i buy /make her lunch everyday. I have sought legal counsel and I would like to resolve this matter before moving forward. We are asking for compensation OUT OF COURT, in the total of 10,000. For the negligence, possible discrimination also for her stomach aches and diarrhea aswell as her lunch expenses for the next 277 days of school.If we cannot come to a mutual agreement i will be forced to move along with legal cousel, i was told by counsel to see if we can resolve this first before moving forward. Please feel free to call me or her mother at 442-294-2044 or 510-712-3338 ASAP. I will move forward with counsel, if I do not get a response in a timely manner.

Deuteronomy 14:8;  And the swine, because it divideth the hoof, yet it does not chew the cud, it is unclean to you; ye shall not eat of their flesh, nor touch their dead carcase

Hayward USD | BP 1312.3 Community Relations

Uniform Complaint Procedures

The Governing Board recognizes that the District has the primary responsibility to ensure compliance with applicable state and federal laws and regulations governing educational programs that are subject to the UCP1: Adult Education (EC 8500-8538, 52334., 52500-52616.4); After School Education and Safety (EC 8482-8484.65); Agricultural Career Technical Education 9EC 52460-52462); American Indian Education Centers and Early Childhood Education Program Assessments (EC 33380-33384); Bilingual Education (EC 52160-52178); California Peer Assistance and Review Programs for Teachers (EC 44500); Career Technical and Technical Education and Career Technical and Technical Training (EC 52300-52462); Career Technical Education (EC 51226-51226.1); Child Care and Development (EC 8200-8493); Child Nutrition (EC 49490-49570); Compensatory Education (EC 54400); Consolidated Categorical Aid (EC 64000[a]); Course Periods without Educational Content (EC 51228.1-51228.3); Economic Impact Aid (EC 54000); Education of Pupils in Foster Care, Pupils who are Homeless, former Juvenile Court Pupils now enrolled in a school district and Children of Military Families (EC 48645.7, 48853, 48853.5, 49069.5, 51225.1, 51225.2), Every Student Succeeds Act/No Child Left Behind (20 U.S.C. 6301 et seq.; EC 52059); Local Control Accountability Plans (including Charter Schools as described in EC 47606.5 and 47607.3) (EC 52075, GC 17581.6(f)); Migrant Education (EC 54440-54445); Physical Education Instructional Minutes (ES 51210, 51223); Pupil Fees (EC 49010-49011); Reasonable Accommodations to a Lactating Pupil (EC 222); Regional Occupational Centers and Programs (EC 52300-52334.7; School Safety Plans (EC 32280-32289); Special Education (EC 56000-56865 and 59000-59300); State Preschool; and Tobacco-Use Prevention Education (EC 64000; HSC 104420). The Superintendent or designee shall annually provide written notification of the district's UCP to students, employees, parents/guardians of district students, district advisory committee members, school advisory committee members, appropriate private school officials or representatives, and other interested parties. The notification shall include information regarding the prohibition of discrimination, harassment, intimidation, and bullying; unlawful student fees; local control and accountability plan (LCAP) requirements; and requirements related to the educational rights of foster youth, homeless students, former juvenile court school students, and children of military families. (Education Code 262.3, 48853, 48853.5, 49010-49013, 49069.5, 51225.1, 51225.2, 52075; 5 CCR 462). The Board encourages early resolution of complaints whenever possible. To resolve complaints which may require a more formal process, the Board adopts the uniform system of complaint processes specified in 5 CCR 4600-4670 and the accompanying administrative regulation. The District shall investigate and seek to resolve, in accordance with the UCP, complaints alleging failure to comply with applicable state and federal laws and regulations including, but not limited to, allegations of discrimination, harassment, intimidation, or bullying or noncompliance with laws relating to all programs and activities implemented by the district that are subject to the uniform complaint procedures.

Complaints Subject to the UCP

The district's uniform complaint procedures (UCP) shall be used to investigate and resolve the following complaints:

1. Any complaint alleging district violation of applicable state or federal law or regulations governing adult education programs, After School Education and Safety programs, Agricultural Career Technical education, American Indian education centers and early childhood education program assessments, bilingual education, peer assistance and review programs for teachers, career technical and technical

determine whether, based on a totality of the evidence, there was sufficient evidence to sustain the allegation(s). "Preponderance of the evidence" means that the evidence on one side outweighs, or is more than, the evidence on the other side. Following a thorough analysis of the evidence, the District made Findings of Fact, Conclusions of Law, which are set forth below and followed by the Disposition of the Complaint/Rationale and Corrective Actions, if any.

Following a thorough analysis of the evidence, the District made Findings of Fact which are set forth in Part I. The Conclusions(s) of Law, Disposition of the Complaint and Rationale, and the Recommendations and Corrective Actions are set forth in Parts II-IV, Respectively. The appeal Rights are set forth in part V.

I.      **Findings of Fact**

Below is a summary of the District's findings with regard to the allegations contained in the Complaint.

> **Allegation 1:** The Complainant ate pizza with pepperoni on it. On or about October 23, 2019, the Complainant ate pizza that had pepperoni on it. Mr. Thompson advised Mr. Clark, Cherryland Principal, that eating pork is against the family's religious practices.
>
> **Finding 1: <u>Sustained in Part</u>.** On or around October 23, 2019, the complainant was offered pepperoni pizza for lunch. The Complainant stated to the food service employee Ms. Shields that she did not like pepperoni. Ms. Shields told the Complainant that she could take the peperoni off and it would be just like cheese. The Complainant took the pizza and proceeded to the salad bar to add items to her lunch. At the salad bar the Complainant told her teacher Ms. Hoang, who was helping students at the salad bar, that she does not eat pepperoni. The teacher, who was unaware of the dietary restriction, stated that if the Complainant did not like pepperoni she could take it off. The Complainant then took the pizza to her table and took the pepperoni off and ate the pizza. Your daughter consumed food that had pork product on it and had been removed by her. Cherryland staff members were not aware of the dietary restrictions that the family observes. Cherryland staff did not offer a second non pork meal choice.

### III. Conclusion(s) of Law

In determining whether the factual findings, detailed above, constituted a violation of District policy, the following was reviewed:

- BP/AR 1312.3 Uniform Complaint Procedures

BP 1312.3 provides:
The district's uniform complaint procedures (UCP) shall be used to investigate and resolve the following complaints:

Any complaint alleging district violation of applicable state or federal law or regulations governing adult education programs, After School Education and Safety programs, Agricultural Career Technical education, American Indian education centers and early childhood education program assessments, bilingual education, peer assistance and review programs for teachers, career technical and technical education and training programs, child care and development programs, child nutrition programs, compensatory education, consolidated categorical aid programs, Economic Impact Aid, English learner programs, federal education programs in Title I-VII, migrant education, Regional Occupational Centers and Programs, school safety plans, special education programs, State Preschool Programs, Tobacco-Use Prevention Education programs, and any other district-implemented program which is listed in Education Code 64000.

Any complaint alleging the occurrence of unlawful discrimination (such as discriminatory harassment, intimidation, or bullying) against any student, employee, or other person participating in district programs and activities, including, but not limited to, those programs or activities funded directly by or that receive or benefit from any state financial assistance, based on the person's actual or perceived characteristics of race or ethnicity, color, ancestry, nationality, national origin, immigration status, ethnic group identification, age, religion, marital status, pregnancy, parental status, physical or mental disability, sex, sexual orientation, gender, gender identity, gender expression, or genetic information, or any other characteristic identified in Education Code 200 or 220, Government Code 11135, or Penal Code 422.55, or based on his/her association with a person or group with one or more of these actual or perceived characteristics (5 CCR 4610)

- BP 5145.3 Nondiscrimination/Harassment Policy provides:

The Governing Board desires to provide a safe school environment that allows all students equal access and opportunities in the district's academic, extracurricular, and other educational support programs, services, and activities. The Board prohibits, at any district school or school activity, unlawful discrimination, including discriminatory harassment, intimidation, and bullying, targeted at any student by anyone, based on the student's actual or perceived race, color, ancestry, nationality, national origin immigration status, ethnic group identification, ethnicity, age, religion, marital status, pregnancy, parental status, physical or mental disability, sex, sexual orientation, gender, gender identity, gender expression, or genetic information, or association with a person or group with one or more of these actual or perceived characteristics.

This policy shall apply to all acts related to school activity or to school attendance occurring within a district school, and to acts which occur off campus or outside of school-related or school-sponsored activities but which has an impact or creates a hostile environment at school.

Unlawful discrimination, including discriminatory harassment, intimidation, or bullying, may result from physical, verbal, nonverbal, or written conduct based on any of the categories listed above. Unlawful discrimination also includes the creation of a hostile environment through prohibited conduct that is so severe, persistent, or pervasive that it affects a student's ability to participate in or benefit from an educational program or activity; creates an intimidating, threatening, hostile, or offensive educational environment; has the effect of substantially or unreasonably interfering with a student's academic performance; or otherwise adversely affects a student's educational opportunities.

Unlawful discrimination also includes disparate treatment of students based on one of the categories above with respect to the provision of opportunities to participate in school programs or activities or the provision or receipt of educational benefits or services.

## IV. Disposition of Complaint and Rationale

As set forth in the factual findings noted above, there is insufficient evidence to conclude that the Respondents violated the BP/AR 5145.3 Nondiscrimination/Harassment Policy, as there was no

evidence that this incident created an intimidating, threatening, hostile, or offensive educational environment; had the effect of substantially or unreasonably interfering with a student's academic performance; or otherwise adversely affected the student's educational opportunities.

Furthermore, employees are not responsible for enforcing the dietary restrictions of students unless the student has an allergy with accompanying medical documentation (BP/AR 5141.27).

However, there are procedures in place to offer a vegetarian choice at each meal so that students have an alternative option at breakfast or lunchtime.

## V. Recommendations and Corrective Actions

The District remains committed to providing a safe educational environment and positive school climate for all students and employees. Pursuant to AR 1312.3, when a complaint is found to have merit, the District's compliance officer shall adopt any appropriate corrective actions permitted by law.

It is recommended that the Cherryland Elementary Administration meet with the cafeteria personnel, teacher and noon duty supervisors to review and confirm the procedures that are followed when students are given an option at meal times. Specifically, they will review procedures regarding offering vegetarian choices at each meal so that students who do not eat meat or pork have an option at breakfast and lunch. The communication procedures regarding this matter were reinforced to prevent further repetition of this kind of incident. A meeting should be scheduled with parent, student, principal and staff to ensure the process for selecting food in the cafeteria is clear.

Based on the foregoing factual findings and conclusion(s) of law, the District will impose appropriate corrective actions, if warranted. A copy of this report will be forwarded to the Human Resources Department for further action. This District now considers this matter closed.

## VI.  Appeal Rights

You have the right to file an appeal in writing with the California Department of Education ("CDE") within 15 calendar days of receiving the District's decision. To do so, you must specify the basis for the appeal of the decision and whether the facts are incorrect and/or the law has been misapplied. The appeal shall be accompanied by a copy of the locally filed complaint and a copy of the District's decision. Your appeal should be sent to:

> California Department of Education
> ATTN: Office of Equal Opportunity
> 1430 N Street
> Sacramento, CA 95814-5901

Pursuant to Education Code section 262.3, please be advised that civil law remedies outside of the District's complaint procedures may be available to you. You may also pursue available civil law remedies outside of the District's complaint procedures 60 calendar days after the filing of an appeal with CDE. The 60 day moratorium does not apply to complaints seeking injunctive relief in state courts or to discrimination complaints based on federal law.

Please also be advised that the District prohibits retaliation against complainants or other participants in the investigation process.

Sincerely,

*[signature]*

Mr. Mathew Clark
Principal, Cherryland School

Encl:  BP/AR 1312.3 Uniform Complaint Procedures
       BP/AR BP 5145.3 Nondiscrimination/Harassment (Students)

To:     California Department of Education
        ATTN: Office of Equal Opportunity
        1430 N Street
        Sacramento, CA 95814-5901
From:   Complainant (Nyier Thompson)'s Parents,
        Najee Thompson and Latrenda Leslie
        260 Sunset Blvd 6
        Hayward, CA 94541

## APPEAL Decision To Close Nyier Thompson's Case

I **Najee Thompson**, would like to **appeal** the **decision made to close the case**. Our child did not lie to us about what was stated or transpired. It seems that further discrimination is under wraps. It does not make sense that the cafeteria staff's statement does not match with ThuVan's interaction with my daughter. If a child does not like something, there would be a clear distinction. The document states that my child told cafeteria staff she did not like pepperoni and told Ms. ThuVan that she could not eat it. All of this because staff would not ust ask a one word question." Why" if staff would have asked Nyier "why" she would have told them "because it's in the bible" and we wouldn't be going through this. I also told Mr. Clark weeks prior to this incident when Cherryland fed my daughter ham and cheese and he promised me he would handle it. Once again if he would have done what he promised we would not be going through this.

**Allegation 1**: On or about October 7th, my daughter Nyier Thompson was fed ham and cheese, i was furious at this and i immediately went to the school. I sat down with Mr. Clark in his office and told him that we follow all of God's laws and we do not eat pork. He assured me that he would make the proper adjustments and make sure that this would not happen again.

**Allegation 2**: The Complainant Nyier Thompson on October 23rd, 2019, was forced to eat pork when she advocated for herself and told more than one staff member that she can not eat "that"

**Finding 1:** The Complainant stated to the food service employee Ms. Shields that she did not like pepperoni. The Complainant took the pizza and proceeded to the salad bar to add items to her lunch. At the salad bar the Complainant told Ms. Hoang, who was helping students at the salad bar, that she does not eat pepperoni. The teacher, who was unaware of the dietary restriction, stated if the Complainant did not like pepperoni she could take it off. The Complainant then took the pizza to her table and took the pepperoni off and ate the pizza. Your daughter consumed food that had pork product and had been removed by her. Cherryland staff members were not aware of the dietary restrictions that the family observes. Cherryland staff did not offer a second non pork meal choice.

she does not like pepperoni. In fact, my family and I go to a pizza restaurant that serves beef pepperoni and sausage weekly. I spoke to my child (Complainant/Victim) and she confirmed what was stated on October 23rd. As a former child and a former/current district employee I am aware that the words of a child can be overshadowed by an adult's words. In cases of abuse, an adult will be believed before the child, especially if that adult has a respectable status.

Our daughter has no reason to lie about what was said to her. There is no benefit or motive. I would like the district to look into this again. My family and I can not allow this to go unnoticed. It pains me that ageism and discrimination is being inflicted on my child. This is my testimony and witness statement that HUSD staff interactions with students can be a lot different when a superior is not watching. It is also my statement that my child has no reason to lie about what took place or was stated to her. I have also witnessed superior staff abuse their authority and wreak havoc on school staff. For clarification, this is not an attack on any staff involved. This is just clarifying that untruthful staff are present in HUSD. A closing question that I have, is how witness credibility is determined? I want to stress that a staff/staff interaction can be a lot different from a staff/student interaction.