UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAJEE THOMPSON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>MATTHEW CLARK, et al.,<br><br>  Defendants. | Case No. 20-cv-01964-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 23 |

Defendant Hayward Unified School District (the "District") removed this case, Dkt. No. 1, and has filed a motion to dismiss the complaint. Dkt. No. 23. The Court finds the motion to be suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

The District's request to dismiss the case for insufficient service of process is denied. Dkt. No. 23 at 5-6. The request is puzzling, and borders on the troubling. It was the District that removed this case to federal court, and represented in its notice of removal that "Defendant District was served with Plaintiffs' Complaint on February 19, 2020." Dkt. No. 1 ¶ 2. Not only that, the notice attached "[a] copy of the Complaint served upon Defendant District in the state court action." *Id.*

The District's other dismissal arguments need not be reached at this time because the Court finds it appropriate to dismiss the complaint sua sponte pursuant to Federal Rule of Civil Procedure 8(a)(2). That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint here, in its current form, fails that rule in a number of respects.

Pro se plaintiff Thompson used a form complaint for violation of civil rights.  Dkt. No. 1-1.  That in itself is not a problem, but the form appears to be incomplete or inconsistent in a number of ways.  For example, the defendants listed on the caption page (only the Hayward Unified School District) do not match the defendants identified in the body of the form (Matthew Clark; Hoang Thu Van; "Ms. Shields"; and the District), despite the form's instruction that the caption page should list "the full name of each defendant who is being sued."  *Id*. at ECF pp. 2-4.  On the substantive claims, it appears plaintiff is suing under 42 U.S.C. § 1983, but the complaint leaves unanswered the critical question asking for § 1983 claims, "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?"  *Id*. at ECF p. 4 (question II(B)).  The form complaint also does not adequately "explain how each defendant acted under color of state or local law," *id*. (question II(D)), stating only that "[t]he school district is considered a part of the local government.  Therefore anyone who works for the school district is considered an employee of a local government.  Public schools are funded by local taxes and are run by elected officials."  *Id*. at ECF p. 5.

The complaint is dismissed with leave to amend.  If Thompson chooses to amend, he must file an amended complaint by August 5, 2020.  Failure to meet this deadline will result in dismissal with prejudice under Rule 41(b).

**IT IS SO ORDERED.**

Dated: July 6, 2020

JAMES DONATO
United States District Judge