UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAJEE THOMPSON, et al.,

    Plaintiffs,

v.

HAYWARD UNIFIED SCHOOL DISTRICT,

    Defendant.

Case No. 20-cv-01964-JD

**ORDER RE MOTION TO DISMISS**

Re: Dkt. No. 34

    Defendant Hayward Unified School District (HUSD) moves to dismiss plaintiffs' first amended complaint. Dkt. No. 34. After plaintiffs failed to file a timely opposition to the motion, the Court directed plaintiffs to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 35. Pro se plaintiff Najee Thompson filed in response two declarations requesting that the case not be dismissed. Dkt. Nos. 36, 38. The Order to Show Cause is consequently discharged, and the Court resolves the HUSD's motion to dismiss on the merits. The parties' familiarity with the record is assumed.

    Thompson sues under 42 U.S.C. § 1983 and alleges that the HUSD violated his daughter's "First Amendment Freedom of Religion and Fourteenth Amendment Equality Clause" by not providing school meal options that were free of pork. Dkt. No. 33 at ECF pp. 4-5. For relief, Thompson states, "I am asking for compensation from HUSD for the Violation of Nyiers 1st amendment right to freedom of religion" in the amount of $100,000; and "[a]lso for violation of 14th amendment right of equal protection clause . . . I am asking for $100,000." *Id.* at ECF p. 6.

    These claims are barred under *Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992), because the school district is immune to suit under the Eleventh Amendment. The Eleventh Amendment "prohibits actions for damages against state agencies when Congress has

1  failed to express a contrary intent." *Belanger*, 963 F.2d at 250.  Because, *inter alia*, "California
2  school districts have budgets that are controlled and funded by the state government rather than
3  the local districts," and "California law treats public schooling as a statewide or central
4  governmental function," the *Belanger* court concluded that the Madera Unified School District
5  was "immune to suit under the Eleventh Amendment." *Id*. at 251-54.  That analysis applies with
6  full force here, shields the HUSD with Eleventh Amendment immunity, and bars Thompson's
7  claims for damages under 42 U.S.C. § 1983.  This is a deficiency that cannot be fixed by
8  amendment, and so the Section 1983 claims against the HUSD are dismissed with prejudice.

9  The remaining claims are for negligence and mental anguish under California state law.
10 *See* Dkt. No. 33 at ECF p. 6.  The HUSD requests that the Court dismiss plaintiffs' "common law
11 claims of negligence and mental anguish . . . because the District is immune from direct liability
12 under the California Government Claims Act."  Dkt. No. 34 at 7-8.

13 The better course is to decline to exercise supplemental jurisdiction, and remand the state
14 law claims to state court.  This case was originally filed in the Superior Court of the State of
15 California in and for the County of Alameda.  *See* Dkt. No. 1-1.  Defendants removed the case,
16 asserting that the Court "has original jurisdiction under 28 U.S.C. § 1331," and so the case is one
17 "which may be removed to this Court by defendant pursuant to the provisions of 28 [U.S.C.]
18 § 1441(a) in that it arises under 28 U.S.C. § 1983, a federal statute."  Dkt. No. 1 ¶ 3.  Plaintiffs did
19 not contest the removal.

20 Now that the only federal claims have been dismissed, it is within the Court's discretion
21 "either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state
22 court."  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *see also Carnegie-*
23 *Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).  "[A] federal court should consider and weigh in
24 each case, and at every stage of the litigation, the values of judicial economy, convenience,
25 fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that
26 court involving pendent state-law claims."  *Carnegie-Mellon*, 484 U.S. at 350.  In addition, "a
27 district court has discretion to remand to state court a removed case involving pendent claims upon

a proper determination that retaining jurisdiction over the case would be inappropriate." *Id*. at 357.

A remand is appropriate. This case is in an early stage. *See id*. at 351 ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). And whereas a dismissal "may work injustice to the plaintiff" and "conflict with the principle of comity to States," a remand will save the parties from having to "refile their papers in state court, at some expense of time and money," and will also keep the state court from having to "reprocess the case." *Id*. at 351-53.

The case is ordered remanded to the Superior Court of California for the County of Alameda.

**IT IS SO ORDERED.**

Dated: March 15, 2021

JAMES DONATO
United States District Judge